# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

KEVIN MARTEL BUFORD, II, et al.,  )
                                   )
    Plaintiffs,                   )
                                   )
v.                                 )   No. 1:12CV69 SNLJ
                                   )
CITY OF CARUTHERSVILLE,            )
MISSOURI, et al.,                  )
                                   )
    Defendants.                   )

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motions for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motions, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiffs Kevin Buford and Dianna Walker bring this action under 42 U.S.C. § 1983 and state law.  Walker is Buford's mother, and she has named herself as plaintiff in this case because she has "power of attorney" for Buford.  Named as defendants are the City of Caruthersville, Chris Wynes (prosecutor), William Carter (same), Kimberley Davenport (same), Chris Riggs (police chief), Tony Jones (same), Matt Fowler (police officer), Tommy Greenwell (jail sheriff), and Danny Dobson (emergency medical technician).  Defendants are sued in their official capacities.

Buford was arrested on September 5, 2010, after a high-speed police chase. (The Court accepts the non-conclusory allegations in the complaint as true, for the purposes of this Order.)  Buford was a passenger in the vehicle, and defendant Fowler

reported that the car was stolen.  Buford was in possession of a cell phone allegedly stolen from a woman in Arkansas.

Buford was charged with resisting arrest, intimidation with a weapon, robbery, kidnapping, and theft.  Fowler based the theft charge on the accusations of a police chief in Arkansas.  Fowler did not speak to the alleged victim.

Buford was taken to Pemiscot County Jail, where he was detained on a $100,000.00 bond.  When Buford arrived at the Jail, he complained of numbness on the left side of his body.  Defendant Dobson examined Buford after his arrival, and Dobson found that Buford could be left in his cell.

Defendants Wynes, Carter, and Davenport charged plaintiff as the driver of the vehicle, which was at odds with the incident report filed by Fowler.  The charges were dismissed for insufficient evidence on March 6, 2012.

## Discussion

Dianna Walker is not a proper plaintiff in this action.  There are no allegations that Walker suffered a violation of her constitutional rights.  Moreover, Rule 17 of the Rules of Civil Procedure do not allow for a person with power of attorney to sue on behalf of another.

Defendants are sued in their official capacities.  Naming a government official in his or her official capacity is the equivalent of naming the government entity that

employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted, and this action will be dismissed under 28 U.S.C. § 1915(e).

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed, as well. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis [Docs. 2, 3] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  3rd  day of May, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE